```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ROBERT MOORE, | : | CRIMINAL ACTION |
| | : | NO. 02-565 |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 11-6586 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                July 30, 2012

      Robert Moore (a/k/a Hafiz Jenkins) ("Petitioner") is a federal prisoner incarcerated at the Federal Correctional Institution in Minersville, Pennsylvania.  Petitioner filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") because federal prosecutors did not have proper jurisdiction to try his case and the decision to indict him in federal court violated his right to due process under the Fifth Amendment.  The Government moved to dismiss the petition as untimely.  For the reasons set forth below, Petitioner's motion is time-barred and the Court will deny and dismiss with prejudice.

I.  **BACKGROUND**

On January 30, 2002, Philadelphia Police Department officers arrested Petitioner during a pedestrian stop and found Petitioner to be in possession of heroin and a loaded, large-caliber revolver. Phila. Police Dep't Arrest Report (Oct. 21, 2011), Pet'r's Mot. Ex. A, ECF No. 61. The Philadelphia District Attorney's Office charged and prosecuted Petitioner with narcotics and firearms offenses. Appeal from J. of Conv., Pet'r's Mot. Ex. B. On September 17, 2002, a federal grand jury indicted Petitioner on three counts: (1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); (2) use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Id. On February 3, 2003, Petitioner was found guilty on all three counts after a bench trial. Order, Feb. 3, 2003, ECF No. 34. The case was reassigned to this Court on April 22, 2003. Reassign. Order, Apr. 22, 2003, ECF No. 36. On June 20, 2003, Petitioner was sentenced to 144 months of imprisonment.[1]  Judgment, June 23, 2003, ECF No. 50.

---

[1]  Petitioner was sentenced to eighty-four months of imprisonment on the first two counts, and he received a consecutive term of sixty months of imprisonment on the third.

2

Petitioner filed an appeal on September 18, 2003. Notice of Appeal, ECF No. 56. On October 5, 2004, the Third Circuit denied Petitioner's appeal and affirmed this Court's judgment. United States v. Moore, 109 F. App'x 503, 505 (3d Cir. 2004). The Third Circuit issued the mandate on October 27, 2004. Order, Oct. 27, 2004, ECF No. 60. Judgment became final on January 25, 2005. Id. On November 14, 2011, Petitioner filed the instant petition.[2] Pet'r's § 2255 Motion, ECF No. 63.

The Government moved to dismiss the § 2255 Motion as untimely. Gov't's Mot. to Dismiss 1, ECF No. 66. Thereafter, Petitioner filed a timely response asserting that his petition falls within § 2255(e), permitting him to file a motion under 28 U.S.C. § 2241, which is not subject to the one-year statute of limitations. Pet'r's Resp. 1-3, ECF No. 67. The matter is now ripe for disposition.

## II. LEGAL STANDARD

A federal prisoner in custody under sentence of a federal court challenging his sentence based on a violation of the U.S. Constitution or laws of the United States may move the

---

[2] Petitioner originally filed a motion pursuant to 28 U.S.C. § 2255 on October 21, 2011. Pet'r's Mot., Oct. 21, 2011. However, Petitioner did not use the current standard 28 U.S.C. § 2255 form as required by this Court and was ordered to resubmit his motion on the correct form within thirty days or have the matter dismissed. Order, Oct. 25, 2011, ECF No. 62. Petitioner's § 2255 Motion was filed on November 14, 2011, in response to this order.

3

court that imposed the sentence to vacate, set aside, or correct the sentence.  See 28 U.S.C. § 2255(a) (Supp. IV 2011).  In a § 2255 motion, a federal prisoner may attack his sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  See id. § 2255(b).

A petitioner is entitled to an evidentiary hearing as to the merits of his claim unless it is clear from the record that he is not entitled to relief.[3]  The Court must dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Section 2255 R. 4(b).  A prisoner's pro se pleading is construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).

---

[3]     Section 2255 provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b).

4

**III. DISCUSSION**

Based on the § 2255 Motion and the record of proceedings, it plainly appears that Petitioner is not entitled to relief because his motion is untimely.  Furthermore, Petitioner is not entitled to equitable tolling or to file a § 2241 petition.  Therefore, the Court will deny the motion and dismiss with prejudice.

    A.    <u>The § 2255 Motion is Untimely</u>

Petitioner's § 2255 Motion is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions.  28 U.S.C. § 2255(f).  That period generally runs from "the date on which the judgment of conviction becomes final."[4] <u>Id.</u> § 2255(f)(1).

---

[4]    Section 2255(f) outlines four possible dates from when the one-year statute of limitations period begins to run:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment became final on January 25, 2005, when his time to petition for a writ of certiorari for review of the Third Circuit's judgment expired.  See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); U.S. Sup. Ct. R. 13(1) (providing ninety-day period to file petition for writ of certiorari to review appellate court judgment).  Petitioner had until January 26, 2006, to file a § 2255 motion.  Therefore, the § 2255 Motion, filed on November 14, 2011, is over five years late and is untimely.

B.   Petitioner is Not Entitled to Equitable Tolling

Petitioner is not entitled to equitable tolling of the statute of limitations period.  In rare instances, the Court may exercise its equitable powers to toll AEDPA's one-year statute of limitations period.  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  Equitable tolling is proper only when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted).  "[E]quitable tolling is appropriate when principles

---

28 U.S.C. § 2255(f).  The alternate start dates listed in options two through four are not applicable here.

6

of equity would make the rigid application of a limitation period unfair." Pabon v. Superintendent S.C.I. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011) (internal quotation marks omitted).

Petitioner has not diligently pursued his rights. Petitioner did not file any further appeals or motions before judgment became final on January 25, 2005. See Pet'r's § 2255 Motion. There were no impediments put forth by the Government preventing Petitioner from filing a timely § 2255 motion, but he, nonetheless, waited over five years after the statute of limitations had run to do so. Indeed, Petitioner does not contend that there are any extraordinary circumstances that prevented him from timely filing his § 2255 Motion. Accordingly, Petitioner is not entitled to equitable tolling by the Court because applying the statute of limitations to Petitioner's motion is not contrary to principles of equity. See Pabon, 654 F.3d at 399.

    C.   Section 2255(e) Does Not Apply to Petitioner's § 2255 Motion

Petitioner does not meet the requirements to file a § 2241 petition pursuant to § 2255(e). Petitioner contends that he is exempt from the AEDPA one-year statute of limitations because a remedy from a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Pet'r's § 2255 Mot. 12. In support of this, Petitioner

7

argues that this Court did not have jurisdiction over his case, and the decision to federally indict him violated his right to due process under the Fifth Amendment.[5]  Pet'r's § 2255 Mot. 12.

A § 2241 petition is only permitted if the relief granted by a § 2255 motion is "inadequate or ineffective" and cannot be used to bypass the one-year AEDPA statute of limitations period.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002).  Petitioner contends that this Court did not have jurisdiction to enter judgment against him because the decision to prosecute him in federal court was unconstitutional and violated his Fifth Amendment rights to due process.[6]  Pet'r's § 2255 Mot. 6-7, 12.  Petitioner's argument is unavailing.

---

[5]  In support of these arguments, Petitioner repeatedly contends that the principles of federalism should outweigh the prosecutorial discretion that allows prosecutors to bring charges in a federal forum when a state forum is also available. Pet'r's § 2255 Mot. 6, 12.  While interesting, this argument has no basis in statutory or case law precedent and is not compelling.  See infra Part C.

[6]  Petitioner also contends that the time from when his state charges were dropped to when he was federally indicted violated his right to a speedy trial under the Sixth Amendment. Pet'r's § 2255 Motion 7.  This argument is also unavailing. "When an arrest on state charges is followed by a federal indictment, the right to a speedy trial in the federal case is triggered by the federal indictment, and the time period under consideration commences on [the date of the federal indictment]." United States v. Battis, 589 F.3d 673, 679 (3d Cir. 2009).  That is, "[t]he state arrest and state prosecution do not control the speedy trial analysis because the state and federal governments are separate sovereign entities, and the

In <u>Cradle</u>, the Third Circuit explained:

> [Petitioner] argues that a challenge to the district court's jurisdiction can be raised any place and at any time, and since he is procedurally precluded from proceeding under § 2255, he must be afforded an opportunity to attack his sentence through a § 2241 petition. However, <u>under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be "inadequate or ineffective," a habeas corpus petition under § 2241 cannot be entertained by the court</u>.
>
> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. <u>Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255</u>.

<u>Cradle</u>, 290 F.3d at 538-39 (emphasis added) (internal quotation marks omitted). <u>Cradle</u> is dispositive on the issue here: Petitioner cannot seek to file a § 2241 petition because he has not demonstrated an inadequate or ineffective remedy by a § 2255 motion beyond being limited by the AEDPA statute of limitations. <u>See</u> <u>id.</u>; Pet'r's § 2255 Mot. 12.

Even if Petitioner's § 2255 Motion was not time-barred, his argument that it was an abuse of prosecutorial discretion to federally indict him is unavailing because the

---

actions of one cannot typically bind the other." <u>United States v. Rose</u>, 365 F. App'x 384, 389 (3d Cir. 2010) (citing <u>United States v. MacDonald</u>, 456 U.S. 1, 10 n.11 (1982)).

9

Court had jurisdiction when Petitioner violated federal law. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231 (2006).  Further, it is well-settled law that the decision to prosecute federal offenses generally rests on prosecutorial discretion.  See United States v. Batchelder, 442 U.S. 114, 124-25 (1979).  A prosecutor is free to exercise discretion in selecting a forum in which to charge a defendant if charges can be brought in either a state or federal forum.[7]  See United States v. Harrigan, 80 F. App'x 738, 742 (3d Cir. 2003) (citing United States v. Melendez, 60 F.3d 41, 50 (2d Cir. 1995)).

Prosecutorial discretion, however, is limited by the equal protection component of the Due Process Clause of the Fifth Amendment, delineating that a decision to prosecute may not be motivated by "'an unjustifiable standard such as race, religion, or other arbitrary classification.'"  See United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962)).  Absent clear evidence that a prosecutor's choice in forum was motivated by an unjustifiable

---

[7]     A defendant may be indicted, prosecuted, and convicted in federal court for violating a federal statute even after a state has convicted the defendant under a state statute for the same conduct.  See Abbate v. United States, 359 U.S. 187, 194-95 (1959); United States v. Piekarsky, Nos. 11-1567, 11-1568, 2012 WL 2217035, at *13 (3d Cir. June 18, 2012).

standard, prosecutorial discretion stands. See id. at 465. Petitioner does not contend, and the record does not indicate, that his federal prosecution was motivated by an unjustifiable standard in violation of the Due Process Clause of the Fifth Amendment. See id. at 464.

Accordingly, Petitioner is not entitled to file a § 2241 petition because the § 2255 Motion he filed is not an inadequate or ineffective remedy to test the legality of his sentence. Petitioner is simply time-barred from filing his § 2255 Motion.

**IV. CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2255 motion, the Court must also decide whether to issue or deny a Certificate of Appealability ("COA"). See Section 2255 R. 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, an evidentiary hearing is not required because it plainly appears

11

that Petitioner's § 2255 Motion is time-barred and Petitioner failed to make a substantial showing of a denial of any constitutional right.  For the same reasons, jurists of reason would not find it debatable whether the Court is correct in this procedural ruling.  Therefore, the Court will deny a COA.

**V.   CONCLUSION**

For the reasons provided, the Court will grant the Government's Motion to Dismiss and deny and dismiss with prejudice Petitioner's § 2255 Motion.  The Court will not issue a Certificate of Appealability.  An appropriate order will follow.